BYNUM v. JOHNSTON et al.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1915.)

No. 4171.

1. HUSBAND AND WIFE &#9758;43—MARRIED WOMAN'S ACT—EFFECT.

In a state in which the Married Woman's Act (Kirby's Dig. Ark. §§ 5207–5230) is in force, the same degree of strictness in regard to the loaning and repayment of the wife's money is not required as would be required between strangers.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 226; Dec. Dig. &#9758;43.]

2. HUSBAND AND WIFE &#9758;149—PROPERTY OF WIFE—LIABILITY FOR HUSBAND'S DEBTS.

Under Act Tenn. March 23, 1875, providing that the wife's general personal property becomes, after being reduced to possession by the husband, his property, and subject to his debts, and Act Tenn. March 27, 1877, providing that her separate property shall not be subject to his debts,

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

otherwise than as authorized by the instrument under which she acquired it, furniture ordered by the wife and paid for by the husband, though given by him to her, is liable for his debts, even if paid for by money received from her mother's estate, which she had given to him to use, since such money became his individual property on being reduced to possession by him.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 573, 574; Dec. Dig. ☞149.]

3. EXEMPTIONS ☞2—WHAT LAW GOVERNS.

A husband and wife, who were residents of Tennessee at the time the suit was instituted, cannot claim exemptions in Arkansas in furniture attached in such suit.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 2; Dec. Dig. ☞2.]

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Attachment by T. A. Johnston and others against W. W. Bynum, in which Mrs. Lena Bynum interpleaded, claiming the property. Judgment awarding the interpleader a part only of the property, and she brings error. Affirmed.

G. B. Rose, W. E. Hemingway, D. H. Cantrell, and J. F. Loughborough, all of Little Rock, Ark., for plaintiff in error.

Joseph M. Hill, of Ft. Smith, Ark., and Henry L. Fitzhugh, of Ft. Smith, for defendants in error.

Before SANBORN, Circuit Judge, and TRIEBER and REED, District Judges.

REED, District Judge. The defendants in error, T. A. Johnston et al., who will be called the plaintiffs, commenced suit in the circuit court of Yell county, Ark., in February, 1913, against one W. W. Bynum, claiming of him damages in the sum of $20,000 for an alleged tort which caused the burning of a cotton seed oil mill of the plaintiffs and the machinery connected therewith, to their damage in said matter. Upon the filing of the complaint a writ of attachment issued against the property of said defendant, and thereunder certain household goods, furniture, a piano, and some other property were levied upon as his property to satisfy said liability.

The plaintiff in error, Mrs. Lena Bynum, wife of W. W. Bynum, in due time filed in said suit an interplea claiming that the household goods and furniture seized under the writ of attachment belonged to her and were a part of her separate estate, and not subject to seizure under the attachment, and asked that she recover judgment for the immediate possession of said property. The suit was later removed by W. W. Bynum to the United States District Court for the Western District of Arkansas, upon the ground that when it was commenced he was a citizen of Tennessee and the plaintiffs citizens of Arkansas. He then moved in the United States court to quash the attachment upon the ground that the writ was wrongly issued, and the property attached thereunder was not his property, but belonged to his wife,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the plaintiff in error. This motion does not appear to have been ruled upon, and is not before us.

The interplea of the plaintiff in error, who will be called Mrs. Bynum, was then tried to the court, a jury having been duly waived, and judgment was rendered in her favor for a part of said property, and against her for the remainder thereof, and she prosecutes this writ of error to reverse so much of the judgment or order as denies her claim to a part of said attached property.

Mrs. Bynum and defendant W. W. Bynum were married in Memphis, Tenn., some 20 years before this trial, and removed to Dardanelle, Yell county, Ark., early in 1913, where he intended to engage in business. The property attached consists of four sets of bedroom furniture, some sitting room, dining room, and kitchen furniture, a piano, couch, and tables, and other articles of household goods, appraised at some $1,500. The testimony shows without any dispute that shortly after her marriage Mrs. Bynum received from her mother's estate some $5,000 in money, which she then placed in the hands of her husband while they were living in Tennessee, to be kept and handled by him for "their mutual benefit," as she says, which amount has never been returned to her in full; that three of the bedroom sets and other furniture attached were purchased by her in Tennessee some years before they removed to Dardanelle, she selecting the same, having them charged to her husband, and sent to their home, and for which he paid. The fourth of the sets was purchased and paid for by her with money that she had personally earned after their marriage, whether as sole trader or not does not appear. All the property so purchased was always called her property by herself and husband, and she claimed it as her separate property from the time it was purchased, and he says that he "gave it to her" and never made any claim to any part of it thereafter. Among the property attached was a walnut dresser, which she says was given to her by her grandmother; that the kitchen furniture was selected and purchased by her and paid for by him in the way above stated, the piano was given to her by her grandmother, and the couch was left to her by her mother, and some of the tables also came from her mother's estate. Mrs Bynum testifies that her husband did not give her any note for the money that she let him have, that she just turned it over to him as a common fund, that he managed the business affairs, that she let him have this money to invest in his own business as he saw fit, and supposed that he did, that he never kept any separate account of it, that she turned the same over to him for the best interests of both, and if she needed anything he would pay for it. Mr. Bynum testified as follows:

"Q. I see a description of household goods, dining room, bedroom set, stoves, etc. You bought all of this, I presume, from time to time as the needs of your family required? A. Yes, sir; that is, I did not buy them. My wife usually bought those things, had them charged to me, and at the end of the month was paid for by me. Q. The same is true of the bedding, I presume? A. A good big part of that bedding was my wife's before we were married. A part of that was bought afterwards, in the same way. Q. You say it would last for 22 years? A. I know it did. Q. (By counsel for Mrs. Bynum.) I will ask you if when you purchased and paid for various articles of furniture, if you considered them as your wife's and gave them to her? A. Yes, sir. Q. You never claimed any ownership in them yourself? A. No, sir."

It is not testified by either that Bynum paid for the furniture from the money left with him by his wife, or that the purchase price should apply towards the repayment of such money. There was no other testimony.

Upon these facts the trial court awarded to Mrs. Bynum the following items of the attached property: Oak set, consisting of three pieces, wash stand, dresser, and bed; walnut dresser, given to her by her grandmother; piano, couch, and table, left to Mrs. Bynum by her mother and grandmother—and awarded the remainder thereof to the plaintiffs in the attachment proceedings as the property of W. W. Bynum to which order awarding the remainder of the property to the plaintiffs Mrs. Bynum duly excepted. The bedroom set awarded Mrs. Bynum was no doubt intended as the set purchased and paid for by her from her personal earnings since her marriage, as the other property awarded to her was that given to her by her mother and grandmother.

[1] It is contended in behalf of the plaintiffs that the furniture attached at once became the property of W. W. Bynum upon its selection and purchase, because it was paid for by him, although he may have intended, when paying for the same, that it was a gift to his wife, and both afterwards treated it as such; also that the $5,000 in money which was left with her husband was a gift to him and at once became his property. Upon this last proposition, see Stickney v. Stickney, 131 U. S. 227, 9 Sup. Ct. 677, 33 L. Ed. 136; Garner v. Bank, 151 U. S. 420, 14 Sup. Ct. 390, 38 L. Ed. 218.

That Mrs. Bynum let her husband have some $5,000 of her own money shortly after their marriage, which came from her mother's estate, is not controverted, and could not well be under the testimony; and she and her husband both say that the furniture was always called hers, and that he never made any claim thereto after its purchase, but "gave it to her." There is no testimony that this furniture was paid for with any of the specific money that was left with him, and the most that could be claimed is that the amount paid for it was a repayment to that extent upon his debt to her for the money she left with him; but the testimony is silent as to any understanding, agreement, or conduct between them to this effect. True, he says that he gave the furniture for which he paid to her; but, if it was given to her, it must have been his to give, or he could not have made the gift, and, if a gift, it would not have been a repayment to that extent upon his indebtedness to her. If the testimony clearly showed that this furniture was paid for with the separate funds of Mrs. Bynum, and the purchase of it was in Arkansas, where the "Married Woman's Act" (Kirby's Dig. Ark. §§ 5207–5230) is in force, they should not be held to that degree of strictness in dealing between themselves in regard to the loaning and repayment of the wife's money that would be held between strangers. See the cases cited in Re Remmerde (D. C.) 206 Fed. 826, 835. But the testimony does not so show, and plainly shows a course of dealing between Mr. and Mrs. Bynum that is usual between husband and wife living together in harmony, where the wife not infrequently selects the household furniture, which is paid for by the husband, the title to which vests in him as the head of the family.

[2] The testimony, however, shows without dispute that Mrs. Bynum let her husband have this money in Memphis, Tenn., where they were married and afterwards lived most of the time until they went to Dardanelle early in 1913, and that this furniture was selected, purchased, and paid for in that state as stated by her. The question naturally arises: What is the law of Tennessee as applicable to these transactions between Mr. and Mrs. Bynum?

Under the act of Tennessee of March 23, 1875 (chapter 89), personal property belonging to the wife, whether acquired before or after marriage, is exempt from the debts, contracts, and other liabilities of the husband before marriage. Otherwise, her general personal property, whether acquired before or after marriage, becomes, after being reduced to possession by the husband, his property, and subject to his debts, contracts, and disposition as his own. By the act of March 27, 1877 (chapter 79), the husband is not liable for his wife's antenuptial debts, contracts, or obligations, and has not such interest in property owned by her at the time of, or acquired by her as heir or distributee after, marriage as to prevent her creditors from subjecting her property to the satisfaction of their debts. Her separate property is not subject to his debts, contracts, or disposition, otherwise than as authorized by the instrument under which she acquired it. When engaged as sole trader, she is liable for debts so acquired as if a feme sole. Acts 1897, c. 82.

By the act of February 20, 1913 (Acts Tenn. 1913, c. 26), effective January 1, 1914, married women are fully emancipated from all disability on account of coverture; and the common law as to the disabilities of married women and its effect on the rights of property of the wife is totally abrogated. But as this was not in force at the time of the transactions in question it has no bearing upon them. Under the law of Tennessee this money left by Mrs. Bynum with her husband, when reduced to possession by him, as it clearly was, became his individual property and subject to his liabilities; and whether the furniture in controversy was paid for by him from such money, or as a repayment thereof to the extent of the amount paid for the furniture, would be wholly immaterial.

[3] As Mr. and Mrs. Bynum were residents of Tennessee at the time this suit was commenced, they were not entitled to any exemptions in Arkansas, and this furniture was subject to seizure for the payment of his liabilities.

The judgment must therefore be affirmed.

And it is so ordered.